### UNITED STATES of America
### v.
### Ernesto MARTINEZ.
### Crim. No. 87–41–Y.

United States District Court,
D. Massachusetts.

March 2, 1988.

Susan Crockin, Federal Defender's Office, Boston, Mass., for Martinez.

Susan Via, Victor A. Wild, Asst. U.S. Atty., Boston, Mass., for U.S.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

This case is before the Court on the Defendant's motion to vacate sentence and dismiss indictment on the ground that the Government's failure to timely file an information in open court violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

### I. BACKGROUND

The defendant Ernesto Martinez ("Martinez") was arrested in Philadelphia, Pennsylvania on January 24, 1987, on the charge that on or about November 12, 1986 he knowingly made false statements in a United States passport application in violation of 18 U.S.C. § 1542. Martinez was released, and he initially appeared before Magistrate Robert B. Collings in Boston on

January 30, 1987, at which time bail was set, a preliminary examination was scheduled, and the Federal Defender office was appointed to represent Martinez.

On February 20, 1987, Martinez waived a preliminary examination in a hearing before Magistrate Collings. On the same day, the Government filed an information in the Office of the Clerk of Court. On May 16, 1987, Martinez, accompanied by counsel, appeared before this Court, executed a written waiver of indictment, and pleaded guilty to Count I of the information filed on February 20. The plea was entered and accepted by the Court.

On June 3, 1987, Martinez moved this Court to recommend to the Attorney General that Martinez not be deported from the United States. Finally, at the hearing on June 19, 1987 before this Court, Martinez moved to withdraw his plea of guilty, and to dismiss the indictment. The Court denied these motions, sentenced Martinez to one month unsupervised probation and imposed the special assessment in the amount of fifty dollars. The Court recommended that Martinez not be deported as long as he voluntarily departs the United States within sixty days of the hearing date.

Martinez filed the motion to vacate sentence and dismiss indictment, which is presently before the Court, on August 13, 1987.

### II. DISCUSSION

A defendant's right to a speedy trial is deeply embedded in the law of this nation.[1] The Supreme Court has described this Sixth Amendment guarantee as "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of the accused to defend himself." *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

In order to clarify the rights of defendants and to ensure that defendants are brought to justice promptly, the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*

---

**1.** The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." United States Constitution, VI Amendment.

was promulgated to give effect to the Sixth Amendment right of a speedy trial. *United States v. MacDonald*, 456 U.S. 1, 7 n. 7, 102 S.Ct. 1497, 1501 n. 7, 71 L.Ed.2d 696 (1982).

A defendant's ability to assert a constitutional right, however, is not immutable. The Supreme Court has firmly established that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the criminal proceeding, including alleged violations of constitutional rights. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Speedy Trial Act incorporates these well-established waiver principles, and plainly states that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). This provision applies to the present case.[2]

Martinez pleaded guilty to Count I of the information on May 18, 1987. At that time, he did not raise any issue concerning his right to a speedy trial nor did he enter a conditional guilty plea pursuant to Fed.R. Crim.P. 11(a)(2). Therefore, he waived the right of dismissal under Section 3161 of the Speedy Trial Act.

Accordingly, the motion to vacate sentence and dismiss indictment is DENIED.

---

**2.** Martinez asserts a statutory construction argument that the appropriate sanctions in this case are not governed by § 3162(a)(2), but rather § 3162(a)(1) which states:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1). Martinez argues that the waiver provision in § 3162(a)(2) applies only to that particular subparagraph, and § 3162(a)(1) has no such limitation. This Court is not persuaded that this waiver provision is so limited. If Congress had intended to limit the extent of the waiver provsion to § 3162(a)(2), Congress would have used the word "subparagraph," not the word "section" as currently written.