# United States Court of Appeals
## For the First Circuit

No. 03-2312

UNITED STATES OF AMERICA,

Appellee,

v.

GERARD SPAGNUOLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Torruella, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

H. Ernest Stone for appellant.
Mark T. Quinlivan, Assistant United States Attorney, with whom
Michael J. Sullivan, United States Attorney, was on brief, for
appellee.

November 21, 2006

**LYNCH**, **Circuit Judge**. The Speedy Trial Act (STA), 18 U.S.C. §§ 3161-3174, is generally concerned with two periods of delay: delay in bringing an information or indictment after arrest and delay in commencing trial after information, indictment, or the defendant's first appearance. This case involves a speedy indictment claim.

The Act proscribes delay of more than thirty days in bringing an information or indictment, measured from the date the individual was arrested or served with a summons as to the charges. Id. § 3161(b). Extensions of this thirty-day period may be granted for reasons enumerated in § 3161(h).

The Act also requires, subject to exceptions and extensions, that the trial of a defendant who pleads not guilty to an information or indictment commence within seventy days from the filing date of the information or indictment, or from the date the defendant first appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. Id. § 3161(c)(1); see Henderson v. United States, 476 U.S. 321, 322 (1986).

The "[t]ime limits and exclusions" for both speedy indictment and speedy trial claims are set forth in § 3161, which is so captioned. In turn, § 3162 bears the caption "[s]anctions" and governs remedies for violation of the Act. The remedy for violation of the time requirements is dismissal of an indictment

-2-

either with or without prejudice, depending on the consideration of several statutory factors. 18 U.S.C. § 3162(a)(1), (2); United States v. Rodriquez, 63 F.3d 1159, 1162 (1st Cir. 1995); United States v. Budzyna, 666 F.2d 666, 669 n.4 (1st Cir. 1981).

The questions raised here are (1) whether a trial judge has an obligation to address sua sponte speedy indictment claims in the absence of a timely motion by defendant and, if not, (2) whether defendant has waived any speedy indictment claim by not making such a motion before trial or entry of a guilty plea. These questions arise because the text of the sanction provision for speedy indictment claims, § 3162(a)(1), does not explicitly require the defendant to file a motion, whereas the sanction provision for speedy trial claims, § 3162(a)(2), does require the defendant to file a motion. We hold that the STA, read as a whole, imposes no obligation on the district court to raise speedy indictment claims in the absence of a motion by the defendant.[1] We also hold that a defendant who fails to file a timely motion as required by the last sentence of § 3162(a)(2) waives such claims as a matter of statutory command. Consequently, not even plain error review is available to such a defendant.

---

[1]    We do not suggest that the district court may not raise the issue sua sponte and resolve it after notice and opportunity to be heard.

I.

After a four-day jury trial, defendant Gerard Spagnuolo was found guilty of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to thirty-three months of imprisonment to be followed by seventy-two months of supervised release. He also was fined $5,000.

The charge was based on drugs found on Spagnuolo during a search incident to his arrest on September 29, 2001 for selling an Oxycontin pill outside a restaurant in Quincy, Massachusetts. During the search, police found two plastic bags of cocaine (consistent with street level drug distribution), three Oxycontin pills, and approximately $200 in cash. In a later search of Spagnuolo's apartment conducted pursuant to a search warrant, police found more drugs, cutting agents, drug paraphernalia, approximately $20,000 in cash, and a Colt .45 caliber pistol with magazines and bullets.

Spagnuolo was transferred from state to federal custody on December 7, 2001, on which date he made his initial appearance before a magistrate judge. The government moved that the detention hearing be continued for ten days, and the court continued the hearing until December 20, 2001. On December 20, 2001, Spagnuolo moved to continue the detention hearing generally and did not request a rescheduling date; the court allowed the motion that same

day. On January 9, 2002, the parties filed a joint motion to continue and to extend the indictment deadline. The magistrate judge ruled that she was unable to extend the indictment deadline and indicated that the motion should be placed on the emergency business docket of the court. For some reason, that was not done, and so the joint motion to extend the indictment deadline was not ruled on. On February 20, 2002, the government moved for a status conference on the issue of Spagnuolo's detention.

On February 27, 2002, Spagnuolo was indicted on four counts -- possession with intent to distribute and distribution of Oxycontin, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count 2); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). He was arraigned on March 15, 2002. On March 20, 2002, Spagnuolo, through his counsel, assented to detention without a hearing, and the court entered an order that day detaining him pending trial.

On October 28, 2002, during a pretrial conference, Spagnuolo notified the district court of his intention to file a motion to dismiss based on violations of the STA. The court set a filing deadline of November 8, 2002 for defendant's motions to

dismiss. On November 7, 2002, Spagnuolo mailed to the clerk a motion to dismiss Counts 1 and 3 of the indictment for violation of the speedy indictment provisions of the STA; the motion was filed on November 12, 2002. The motion included no request to dismiss either Count 2 or Count 4.

During a pretrial conference and motions hearing on March 12, 2003, the district court advised the parties that Spagnuolo's motion to dismiss Counts 1 and 3 for violation of the STA remained under advisement. Spagnuolo, who was acting pro se with standby counsel (contrary to the advice of the court), requested, "[I]f it's not too late, add the other drug charge on with that into that motion, incorporate it into that." The district court declined to do so, saying it had given Spagnuolo more opportunity than other criminal defendants to submit filings to the court. The court, referring to the STA motion on Counts 1 and 3 which had been filed, said, "[T]he short of it is I have before me a particular motion. I'm going to act on the particular motion." Spagnuolo concedes that he never filed a written motion regarding Count 2, and he does not argue that the oral attempt to add Count 2 to the earlier motion complied with the scheduling deadlines and orders set by the district court.

Just before jury empanelment, the trial court dismissed Counts 1 and 3 on defendant's motion to dismiss for violation of

the STA on lack-of-speedy-indictment grounds.[2]  The court reserved judgment as to whether the dismissal of those two counts would be with or without prejudice.

Spagnuolo proceeded to trial on the remaining Count 2 and Count 4.  The jury found defendant guilty on both counts.  After trial, the district court granted defendant's motion under Federal Rule of Criminal Procedure 29(c) for judgment of acquittal as to Count 4 for insufficiency of the evidence, but denied the motion for judgment of acquittal as to Count 2.  Later, in light of the conviction and sentence on Count 2, the government agreed to an order dismissing Counts 1 and 3 with prejudice.  On appeal, Spagnuolo argues that the district court should have dismissed Count 2 on speedy indictment grounds.  We reject this argument.

## II.

The STA was amended in 1979 to provide for two, rather than three, periods of time to be counted.  See Speedy Trial Act Amendments Act of 1979, Pub. L. No. 96-43, § 2, 93 Stat. 327, 327 (merging ten-day indictment-to-arraignment and sixty-day arraignment-to-trial limits into a seventy-day indictment-to-trial

---

[2]  The court found that there were nineteen non-excludable days between December 21 and January 8, and forty-one non-excludable days between January 10 and February 19, for a total of sixty non-excludable days between December 7, the date Spagnuolo was taken into federal custody, and February 27, the date of his indictment.  The government argues on appeal that additional time was excludable under 18 U.S.C. § 3161(h)(1)(F), and that the STA was not in fact violated.  We do not reach this issue.

period); 3B Wright et al., <u>Federal Practice and Procedure</u>, § 833, at 398-401 (3d ed. 2004). As amended, the Act imposes a thirty-day limit on the time between arrest and the filing of an indictment or information, and a seventy-day limit on the time between the date that the indictment or information is made public, or the date of first appearance (whichever is later), and the date of trial. 18 U.S.C. § 3161(b), (c)(1).

The purpose of the STA's thirty-day arrest-to-indictment requirement "is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself." <u>United States</u> v. <u>Meade</u>, 110 F.3d 190, 200 (1st Cir. 1997) (quoting <u>United States</u> v. <u>Berry</u>, 90 F.3d 148, 151 (6th Cir. 1996)) (internal quotation marks omitted).

The defendant's arguments are resolved against him by the text and purposes of the STA. The Act, at § 3161, provides in pertinent part:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. . . .

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C. § 3161(b), (c)(1). This establishes the two periods: thirty days to indictment and an additional seventy days to trial.

The sanctions for non-compliance with § 3161 are set forth in § 3162, which provides:

> (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no <u>indictment</u> or <u>information</u> is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, <u>such charge against that individual</u> contained in such complaint <u>shall be dismissed or otherwise dropped</u>. . . .
>
> (2) If a defendant is not brought to <u>trial</u> within the time limit required by section 3161(c) as extended by section 3161(h) <u>the information or indictment shall be dismissed on motion of the defendant</u>. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. <u>Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section</u>.

<u>Id.</u> § 3162(a)(1), (2) (emphasis added). The last sentence of § 1362(a)(2) is key to the government's arguments.

-9-

Spagnuolo argues that under § 3162(a)(1), when there is a failure to indict within thirty days of arrest "such charge against that individual <u>shall</u> be dismissed or otherwise dropped," regardless of whether the defendant files a motion to dismiss on STA grounds.  Literally read, he argues, the Act only requires a motion from the defendant when the government fails to bring defendant to trial within seventy days of indictment, in violation of § 3161(c)(1).  Spagnuolo argues that Congress placed no such burden on a defendant to file a motion if the government fails to indict within thirty days of arrest, in violation of § 3161(b), and the language says that "such charge . . . shall be dismissed."

The government responds that Spagnuolo has ignored the significance of the last sentence of § 3162(a)(2), which provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this <u>section</u>" (emphasis added).  Pointing out that "Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections," <u>Koons Buick Pontiac GMC, Inc.</u> v. <u>Nigh</u>, 543 U.S. 50, 60 (2004), the prosecution argues that the phrase "under this section" refers to all of § 3162, including § 3162(a)(1), and not just to the subdivision concerned with speedy trial rights, § 3162(a)(2), in which the sentence is located.  Accordingly, Congress must have been referring to all of § 3162 because it would have used the

phrase "under this paragraph" if it had intended to restrict the motion and waiver provision to § 3162(a)(2). See id. at 60-61 (noting that the House and Senate manuals on legislative drafting both endorse the use of "subsection" for subdivisions beginning with "(a)," "paragraph" for subdivisions beginning with "(1)," "subparagraph" for subdivisions beginning with "(A)," and "clause" for subdivisions beginning with "(i)").

Applying the normal rules of statutory construction leads us to conclude that the motion and waiver provision of § 3162(a)(2) also applies to § 3162(a)(1) speedy indictment claims, because "section" must refer to all of § 3162, and not just to the paragraph in § 3162 where the motion and waiver provision was (improvidently) located. Other references in the STA confirm that the drafters of the Act followed the hierarchy prescribed by the House and Senate drafting manuals. See, e.g., 18 U.S.C. § 3161(d)(1), (d)(2), (e).

Other courts of appeals also have applied the waiver provision of § 3162(a)(2) to speedy indictment claims under §§ 3161(b) and 3162(a)(1). See United States v. Gamboa, 439 F.3d 796, 803-04 (8th Cir. 2006); United States v. Lewis, 980 F.2d 555, 560 (9th Cir. 1992); accord United States v. Martinez, 683 F. Supp. 10, 12 & n.2 (D. Mass. 1988); see also United States v. Bittle, 699 F.2d 1201, 1207 n.15 (D.C. Cir. 1983) (identifying and reserving issue).

Furthermore, to read the statute as defendant does would undercut the purposes of the STA.  In Zedner v. United States, 126 S. Ct. 1976 (2006), the Supreme Court acknowledged legislative history explaining that the STA "was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment."  Id. at 1985-86 (citing S. Rep. No. 93-1012, at 6-8 (1974); H.R. Rep. No. 93-1508, at 8 (1974), reprinted in 1974 U.S.C.C.A.N. 7401, 7402).  The Act created incentives both for compliance by the government and for enforcement by defendants.  It would be odd to use a different set of incentives for the two situations of speedy indictment and speedy trial.  Under both, a defendant must move promptly, or waive his rights.

In Zedner, the Supreme Court interpreted § 3162(a)(2) and stated that it "serves two unrelated purposes":

> First, § 3162(a)(2) assigns the role of spotting violations of the Act to defendants -- for the obvious reason that they have the greatest incentive to perform this task. Second, by requiring that a defendant move before the trial starts or a guilty plea is entered, § 3162(a)(2) both limits the effects of a dismissal without prejudice (by ensuring that an expensive and time-consuming trial will not be mooted by a late-filed motion under the Act) and prevents undue defense gamesmanship.

<u>Id.</u> at 1986-87 (footnote omitted).  Each of these purposes would be undercut if the motion requirement of § 3162(a)(2) were read not to apply to the speedy indictment provisions.

To accept defendant's argument would lead to an unwarranted difference in the treatment of speedy indictment and speedy trial claims.[3]  Such a result would be inconsistent with the treatment of periods of excludable delay in § 3161(h), which expressly applies to both speedy indictment and speedy trial calculations.  18 U.S.C. § 3161(h) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence . . . .").

Defendant does not dispute that if his claim had been a seventy-day speedy trial claim, and not a thirty-day speedy indictment claim, his claim would have been waived if he had not made a motion to dismiss before trial.  <u>See</u> <u>United States</u> v. <u>Huguenin</u>, 950 F.2d 23, 27-28 (1st Cir. 1991); <u>United States</u> v. <u>McKinnell</u>, 888 F.2d 669, 676 (10th Cir. 1989), <u>abrogated</u> <u>on</u> <u>other</u>

---

[3]    Spagnuolo argues that it is not irrational for Congress to have created different requirements for speedy trial claims and speedy indictment claims.  He asserts that speedy indictment violations involve a greater risk of harm because persons held in custody prior to indictment are outside the supervision and protection of the courts, and have no avenue to assert constitutional rights and protections.  We reject defendant's argument, noting that a writ of habeas corpus is available to prisoners "in custody under or by color of the authority of the United States."  28 U.S.C. § 2241(c)(1).

grounds by United States v. Wacker, 72 F.3d 1453 (10th Cir. 1995). The fact that this is a speedy indictment claim does not change the result.

The language of the final sentence of § 3162(a)(2) requires us to hold that Spagnuolo has waived any speedy indictment claim. That sentence imposes two conditions. A defendant waives his claim if (a) he has not moved for dismissal, and (b) he has not done so before trial or before he enters a guilty plea. Spagnuolo did not meet these requirements. His belated oral request to tack on an additional speedy indictment claim was not a motion within either the meaning of the statute, 18 U.S.C. § 3162(a)(2), or the local rule, D. Mass. R. 7.1, nor was it filed within the time required by the pretrial order. Pointing to the timely motion requirements of the last sentence of § 3162(a)(2), this court has said, "While . . . the appropriate response to a Speedy Trial Act infraction is dismissal of the indictment, the remedy is not self-executing . . . ." United States v. Connor, 926 F.2d 81, 83 (1st Cir. 1991).

Of course, the statute itself limits the waiver rights under § 3162(a)(2). For example, § 3162(a)(2) does not permit prospective waivers, since such waivers would undercut the statute's purposes. Zedner, 126 S. Ct. at 1987. The situation here, however, does not give rise to a Zedner issue.

Further, the statute imposes no requirement that the waiver be knowing and voluntary, and we decline to read such a requirement into the statutory language. As noted in United States v. Gomez, 67 F.3d 1515 (10th Cir. 1995):

> [J]ust as the Act provides a remedy for violation of its speedy trial mandate, so too it unequivocally provides that the failure of a defendant to move for dismissal prior to trial constitutes a waiver of any right to that remedy.

Id. at 1520.

Moreover, Spagnuolo does not have the benefit of "plain error" review, since the STA states that the statutory right is waived and there is no issue of constitutional dimension. See id. at 1521. Under these circumstances, a defendant who fails to make a timely motion to dismiss based on a speedy indictment claim does not obtain the benefit of plain error review. "Deviation from a legal rule is 'error' unless the rule has been waived." United States v. Olano, 507 U.S. 725, 732-33 (1993). Where there is waiver, there can be no error. Gomez, 67 F.3d at 1520.

Spagnuolo's conviction is affirmed.