```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007[*]
Decided July 5, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-4502

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| *v.* | No. 91 CR 163 |
| CHARLES ARTHUR HINSHAW,<br>    *Defendant-Appellant.* | Joan Humphrey Lefkow,<br>*Judge.* |

**O R D E R**

In 1991 Charles Hinshaw was indicted, under the alias Charles Lee Hamilton, for conspiring to possess with intent to distribute phencyclidine (PCP), 21 U.S.C. §§ 846, 841(a)(1); possessing with intent to distribute PCP, *id.* § 841(a)(1); and assaulting one of the federal agents who arrested him, 18 U.S.C.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 111(a)(1). While free on pretrial release, Hinshaw absconded, and he remained at large until 1997, when he was caught driving a pickup truck in Kansas with 13 gallons of liquid PCP in a spare gasoline tank. He ultimately pleaded guilty in the District of Kansas to interstate travel in aid of racketeering and served a five-year sentence, all the while using the aliases "Ron Arthur Taylor" and "Charles Arthur Henshaw." Law enforcement officers in Kansas never discovered that Hinshaw was a fugitive, and after he served his sentence, he settled in California.

In October 2001 Hinshaw was finally arrested in California on the outstanding warrant from the Northern District of Illinois. He was returned to Chicago to face the 1991 drug and assault charges. A fourth charge of failing to appear for trial, 18 U.S.C. § 3146(a)(1), was added in a superseding indictment. At trial, he stipulated that his real name is Charles Arthur Hinshaw. The jury found him not guilty of possessing PCP and guilty of the remaining three counts. He was sentenced to a total of 156 months' imprisonment and three years' supervised release. He appeals, proceeding *pro se*, and we affirm.

Hinshaw first contends that his convictions should be overturned and the indictment dismissed because of noncompliance with the Speedy Trial Act, 18 U.S.C. §§ 3161-74. The government responds that Hinshaw waived this argument by failing to move to dismiss the indictment in the district court, but Hinshaw insists that two of his pretrial motions preserved the issue for appeal. Hinshaw points to a motion filed in December 2002, but that filing was a demand for discovery. The notation in the motion's last numbered paragraph that "Defendant specifically reserves the right to further move for . . . Dismissal of the Indictment" simply contemplates a future motion to dismiss. Hinshaw next cites counsel's March 2003 motion for reconsideration of a previously denied combined motion to suppress evidence and dismiss the indictment for grand jury misconduct. None of these motions had anything to do with the Speedy Trial Act.

Hinshaw, then, did not preserve his statutory claim in the district court, and to the extent he seeks to enforce his right to a trial commencing within 70 nonexcludable days of his indictment, 18 U.S.C. § 3161(c), the government is correct that he waived the argument. The statute itself provides that a defendant's failure to move for dismissal before trial or the entry of a guilty plea waives the right to enforce the 70-day rule. 18 U.S.C. § 3162(a)(2); *see United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006). Absent a motion to dismiss filed at the appropriate time, even plain-error review is unavailable. *United States v. Morgan*, 384 F.3d 439, 442 (7th Cir. 2004). But Hinshaw doesn't appear to be concerned only with the 70-day clock; the specific lapses of time he finds problematic fall between his arrest on a criminal complaint and his indictment, a period that must not exceed 30 nonexcludable days, 18 U.S.C. § 3161(b). We have not yet analyzed whether the waiver language in § 3162(a)(2) applies equally when a defendant seeks to enforce

the 30-day rule.  Arguably the statute could be read to demand that a defendant timely assert his right to dismissal for a violation of the 70-day rule, but not the 30-day rule.  *Compare* 18 U.S.C. § 3162(a)(2) *with id*. § 3162(a)(1).  But we think that the First Circuit, among other courts, provides a better reading of the statute.  *United States v. Spagnuolo*, 469 F.3d 39, 45 (1st Cir. 2006).  We see no reason to depart from the uniform practice of the other courts of appeals that have made a timely motion to dismiss a prerequisite to relief in either case.  *See id.; United States v. Gamboa*, 439 F.3d 796, 803-04 (8th Cir. 2006); *United States v. Pollock*, 726 F.2d 1456, 1464 (9th Cir. 1984).

Even if we found Hinshaw's argument to be forfeited instead of waived, he has nothing to gain by our reviewing for plain error.  The remedy for a speedy-indictment violation is dismissal of charges in the original complaint on which the defendant is not indicted within 30 days. 18 U.S.C. § 3162(a)(1).  In this case, the criminal complaint charged Hinshaw only with possession of PCP in violation of 21 U.S.C. § 841(a)(1).  The remedy for a 30-day violation (if one occurred) would have been dismissal of the possession count, but the jury acquitted Hinshaw on that count anyway.  The three counts of conviction not charged in the complaint, including the conspiracy that encompassed the possession charge, are unaffected.  *See United States v. Gaskin*, 364 F.3d 438, 451-52 (2d Cir. 2004); *United States v. Hemmings*, 258 F.3d 587, 592 (7th Cir. 2001).  Hinshaw's substantial rights could not have been affected by a speedy-indictment violation where the district court failed to dismiss a charge on which he ultimately was acquitted; accordingly, Hinshaw could not establish plain error.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Hinshaw next argues that his conviction is void because his name was incorrectly spelled as "Henshaw" on the jury verdict.  Hinshaw contends that the misspelling "produced an unreliable verdict" and created a disparity with the judgment of conviction, where his namely is spelled properly.  Leaving aside the audacity of this defendant's insistence that all court documents reflect his correct name (indeed two of his 20 known aliases use the surname "Henshaw"), we see no prejudice.  Hinshaw's attorney incorrectly referred to his client as "Henshaw" in the early stages of the trial, but he later realized his error and brought it to the court's—and the jury's—attention.  With this correction on the record, it is difficult to imagine what error the jury could have made, particularly where Hinshaw was tried alone and could not have been confused with another individual.

Finally, Hinshaw argues that his prison sentence is inconsistent with the requirements of *United States v. Booker*, 543 U.S. 220 (2005).  He contends that the district judge impermissibly found based on a preponderance of the evidence facts, such as the drug quantity, that must be found by a jury beyond a reasonable doubt.  But *Booker*, because of its remedial opinion, requires no such thing.  *Rita v. United*

*States*, No. 06-5754, 2007 WL 1772146, at *9 (U.S. June 21, 2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence."). Hinshaw also insists that applying *Booker*'s remedial holding to offenses committed before that case was decided raises *ex post facto* concerns, but we have rejected this contention. *Booker* "affected neither what conduct was considered criminal nor the statutory maximum penalties." *United States v. Swanson*, 483 F.3d 509, 516 (7th Cir. 2007); *see United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005).

AFFIRMED.