NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013
Decided July 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3720

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:12-cr-30059-001-DRH |
| | |
| RONALD WASHINGTON, | David R. Herndon, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Ronald Washington pleaded guilty to attempting to possess cocaine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), after he was caught trying to purchase 2 kilograms of cocaine from an undercover officer. The district court sentenced him to 5 years' imprisonment, the statutory minimum given the intended drug quantity. See *id.* § 841(b)(1)(B)(ii). Washington filed a notice of appeal, but his appointed lawyer has moved to withdraw on the ground that the possible claims she has identified are frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Washington opposes counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Washington's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel does not discuss the voluntariness of Washington's guilty plea or the adequacy of his plea colloquy because, she says, Washington told her that he does not wish to challenge his guilty plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). In his Rule 51(b) response, however, Washington asserts that his guilty plea should be set aside because, he argues, the government violated the Speedy Trial Act by waiting too long to indict him after he was arrested. See 18 U.S.C. § 3161(b). Yet Washington's unconditional guilty plea waived any challenge to nonjurisdictional defects that arose before the plea, see *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Combs*, 657 F.3d 565, 568–69 (7th Cir. 2011), and speedy-trial claims are not jurisdictional, see *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *Washington v. Sobina*, 475 F.3d 162, 165–66 (3d Cir. 2007). Moreover, Washington never challenged the timeliness of his indictment in the district court. See *United States v. Hines*, 694 F.3d 112, 117–20 (D.C. Cir. 2012) (holding that defendant waives statutory claim arising from delay between arrest and indictment if motion to dismiss is not filed before trial or guilty plea); *United States v. Spagnuolo*, 469 F.3d 39, 43–45 (1st Cir. 2006) (same); *United States v. Gamboa*, 439 F.3d 796, 803–04 (8th Cir. 2006); *United States v. Pollock*, 726 F.2d 1456, 1464 (9th Cir. 1984). Washington does not otherwise propose a basis for challenging his guilty plea, and, in any event, we have reviewed the plea colloquy and determined that the district judge substantially complied with Federal Rule of Criminal Procedure 11(b). See *Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003).

Counsel does discuss whether Washington could challenge the reasonableness of his prison sentence, but that question is foreclosed because as part of his plea agreement Washington unambiguously waived his right to contest any aspect of a sentence within the guidelines range as calculated by the district court. See *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011); *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). Since Washington's prison term falls within the calculated (indeed, the stipulated) range, the waiver would prevent him from challenging his sentence on appeal.

Counsel also considers whether Washington could challenge the quality of her representation in the district court, but properly recognizes that she cannot be expected to challenge her own performance. See *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). In any event, a claim of ineffective assistance is best raised in a collateral attack where the record can be developed. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.