RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLIFTON A. SATTERWHITE,

*Defendant-Appellant.*

No. 17-3424

─────────────────

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 2:16-cr-00205-1—Michael H. Watson, District Judge.

Decided and Filed: June 22, 2018

Before: COLE, Chief Judge; CLAY and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:** Christian J. Grostic, KUSHNER, HAMED & GROSTIC CO., LPA, Cleveland, Ohio, for Appellant. Christopher K. Barnes, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

CLAY, Circuit Judge. Clifton Satterwhite ("Satterwhite") appeals from the judgment entered by the district court sentencing him to 240 months of imprisonment. Satterwhite was convicted of one count of conspiracy to violate the Hobbs Act, in violation of 18 U.S.C. § 1951(a), two counts of inference with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during a crime of violence, in

violation of 18 U.S.C. § 924(c)(1)(A)(ii). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## BACKGROUND

On January 22, 2016, the government filed a criminal complaint against Satterwhite alleging that he participated in a number of robberies in the Columbus, Ohio area. The complaint requested an arrest warrant against Satterwhite for interstate robbery, in violation of 18 U.S.C. § 1951, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). That same day, the magistrate judge issued an arrest warrant for Satterwhite, and Satterwhite was arrested.

Pursuant to 18 U.S.C. § 3161 (the "Speedy Trial Act"), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *Id*. § 3161(b). The original deadline for filing an information or indictment against Satterwhite was February 22, 2016. However, the parties filed six joint motions for waiver of this thirty day time period and to extend the time period for an additional thirty days. The delay resulted from the parties discussing the resolution of the case by way of filing an information and a plea agreement. The court granted all of these motions, concluding that "[t]he ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial." (R. 11, 13, 15, 17, 22, 24.) *See* 18 U.S.C. § 3161(h)(7)(A). In doing so, the court extended the time for filing an indictment or information until August 21, 2016.

Subsequent to the extended deadline, on October 7, 2016, the government filed an information charging Satterwhite with five counts, including one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a), two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). That same day, the government filed an executed written plea agreement pursuant to which Satterwhite pleaded guilty to all five counts of the information. In the plea

agreement, the parties agreed to a binding recommended sentence of 240 months and Satterwhite agreed to waive the right to appeal his sentence.

On November 29, 2016, Satterwhite was arraigned on the information. The court accepted Satterwhite's plea of guilty. On April 18, 2017, the district court sentenced Satterwhite to 240 months of imprisonment in accordance with the plea agreement, but noted that Satterwhite's advisory sentencing range was 471 months. Satterwhite did not challenge the government's untimely filing of the information before the district court.

On April 25, 2017, Satterwhite filed his notice of appeal. On appeal, Satterwhite argues that the district court lacked jurisdiction over his case because the time limits for the government to file an information or indictment after arresting a defendant are jurisdictional and the government failed to file the information against Satterwhite until after the time limit had expired.

## DISCUSSION

### I.  Time Limits for Filing an Information or Indictment under 18 U.S.C. § 3161(b)

**Standard of Review**

The Court reviews jurisdictional issues *de novo*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**Analysis**

The Speedy Trial Act ("STA") requires that a defendant be indicted within thirty days of arrest and tried within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance before a judicial officer. 18 U.S.C. § 3161(b), (c)(1). The time for filing an information or an indictment or for bringing a defendant to trial may be extended in certain circumstances. *Id.* § 3161(h). This includes when a judge orders a continuance based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). The remedy for a violation of these time limits is dismissal of the indictment or information either with or without prejudice, depending on a court's consideration of several factors. *Id.* § 3162(a).

In this case, there is no dispute that "the parties' failure to seek a further interest-of-justice continuance resulted in more tha[n] 30-non-excludable days passing before the government filed (and Satterwhite pleaded guilty to) an information." (Gov't Br. at 11.) However, because he unconditionally pleaded guilty, Satterwhite waived all preceding non-jurisdictional defects in the proceedings. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Class v. United States*, 138 S. Ct. 798, 805 (2018); *United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991). Consequently, Satterwhite cannot now raise his speedy indictment claim unless the thirty day rule is a jurisdictional requirement.

Because this Court has not yet considered this issue, we must decide whether the thirty day speedy indictment rule is "jurisdictional." There is a difference between "a rule governing subject-matter jurisdiction and an inflexible claim-processing rule." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). Claim-processing rules should not be described as jurisdictional. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). "These are rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* (citations omitted). A "'claim-processing rule, even if unalterable on a party's application,' does not reduce the adjudicatory domain of a tribunal and is ordinarily 'forfeited if the party asserting the rule waits too long to raise the point.'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81–82 (2009) (alteration omitted) (quoting *Kontrick*, 540 U.S. at 456). By contrast, "[s]ubject-matter jurisdiction . . . refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.'" *Id.* at 81 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

The Supreme Court has noted that "[t]his question is not merely semantic but one of considerable practical importance for judges and litigants." *Henderson*, 562 U.S. at 434. "Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system" and "may also result in the waste of judicial resources and may unfairly prejudice litigants." *Id.* Because of the "drastic" consequences of the "jurisdictional label," the Supreme Court has "urged that a rule should not be referred to as jurisdictional unless it governs

a court's adjudicatory capacity . . . . Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *Id.* at 435 (internal citations omitted).

Turning to the relevant text of the statute, under § 3161, the STA provides:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

Under § 3162(a), the STA provides certain consequences, or "[s]anctions," for failing to timely indict or bring a defendant to trial:

(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the

defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

The time limit involved in this case is set forth in a statute and is mandatory. This weighs in favor of finding the rule jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 210 (2007). After all, Congress can "determine when, and under what conditions, federal courts can hear [cases]." *Id.* at 213. However, "[n]ot all mandatory prescriptions, however emphatic, are properly typed jurisdictional." *Union Pac. R.R. Co.*, 558 U.S. at 81 (quotation marks, citation, and alteration omitted). And before putting the jurisdictional label on a statutory filing time limit, we must examine whether "there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Henderson*, 562 U.S. at 436 (quoting *Arbaugh*, 546 U.S. at 515–16).

We do not find a clear indication that Congress wanted the thirty day speedy indictment rule to be jurisdictional. Key to this Court's determination is the last sentence of § 3162(a)(2)— "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal *under this section*" (emphasis added). Though this Court has not yet weighed in, several circuits have concluded that the waiver provision in § 3162(a)(2) applies to all of § 3162, including § 3162(a)(1), meaning that a defendant waives the right to dismissal for an untimely indictment if the defendant does not timely raise the claim in the district court. *United States v. Cherry*, 720 F.3d 161, 166 (4th Cir. 2013); *United States v. Hines*, 694 F.3d 112, 120 (D.C. Cir. 2012); *United States v. Spagnuolo*, 469 F.3d 39, 45 (1st Cir. 2006); *United States v. Gamboa*, 439 F.3d 796, 803–04 (8th Cir. 2006); *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).[1] We now join those other circuits.

The waiver provision in § 3162(a)(2) applies to this "section." "Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60–61 (2004). Both the House and Senate manuals on legislative drafting endorse the use of "subsection" for subdivisions beginning with "(a)," "paragraph" for

---

[1]*See also United States v. Washington*, 523 F. App'x 393, 394 (7th Cir. 2013); *United States v. Washington*, 543 F. App'x 171, 178 (3d Cir. 2013); *United States v. Hinshaw*, 243 F. App'x 179, 180–81 (7th Cir. 2007).

subdivisions beginning with "(1)," "subparagraph" for subdivisions beginning with "(A)," and "clause" for subdivisions beginning with "(i)." *Id.* at 60–61. Under this scheme, as written, Congress was referring to all of § 3162 when providing for waiver because it used the phrase "under this section." *Cherry*, 720 F.3d at 165–66; *Hines*, 694 F.3d at 118; *Spagnuolo*, 469 F.3d at 44. Had Congress intended to limit the waiver provision to dismissals for untimely trials only, and not untimely indictments, we would expect the statute to have used the phrase "under this paragraph." *Hines*, 694 F.3d at 118; *Spagnuolo*, 469 F.3d at 44. Our expectation is bolstered by the fact that Congress used this customary language elsewhere in the STA. *See, e.g.*, 18 U.S.C. § 3161(d)(2) ("The sanctions of *section* 3162 apply to this *subsection*."); 18 U.S.C. § 3161(h)(3)(B) ("For purposes of *subparagraph* (A) of this *paragraph* . . . ."); 18 U.S.C. § 3161(h)(7)(B)(iv) (referring to "*clause* (ii)") (emphases added).

We recognize that the waiver language appears only in § 3162(a)(2), and not in § 3162(a)(1), and that if Congress had intended for a speedy indictment claim to be waived upon failure to move for dismissal before trial, one might have expected Congress to have included the waiver language in both (a)(1) and (a)(2). After all, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). However, we will not go against the plain language of the statute and hold that "section" does not mean "section." *See Cherry*, 720 F.3d at 165.

Furthermore, the purposes of the STA support applying the waiver provision to § 3162(a)(1). For instance, the Supreme Court stated that § 3162(a)(2) "served two unrelated purposes":

> First, § 3162(a)(2) assigns the role of spotting violations of the Act to defendants-for the obvious reason that they have the greatest incentive to perform this task. Second, by requiring that a defendant move before the trial starts or a guilty plea is entered, § 3162(a)(2) both limits the effects of a dismissal without prejudice (by ensuring that an expensive and time-consuming trial will not be mooted by a late-filed motion under the Act) and prevents undue defense gamesmanship.

*Zedner v. United States*, 547 U.S. 489, 502–03 (2006). It would seem these two purposes apply to dismissal of an indictment under § 3162(a)(1). And both of the purposes would be undercut if the waiver provision did not also apply to the speedy indictment provision. For instance, without a waiver provision, "a defendant has no incentive to police the government's compliance with the STA's indictment deadlines." *Hines*, 694 F.3d at 119. Additionally, "without the waiver constraint a defendant may freely game the system by rolling the dice on a trial and then seeking a section 3162(a)(1) dismissal for failure to timely indict—if he is unhappy with the result— putting the prosecution and the court through the time, effort and expense of a trial that may subsequently be mooted at the defendant's whim." *Id.*; *see also Spagnuolo*, 469 F.3d at 44 ("The Act created incentives both for compliance by the government and for enforcement by defendants. It would be odd to use a different set of incentives for the two situations of speedy indictment and speedy trial. Under both, a defendant must move promptly, or waive his rights.").

Finally, reading the waiver provision in the context of other provisions of the STA, which generally treat indictments and trials the same way,[2] also supports applying the waiver provision to § 3162(a)(1). *See Hines*, 694 F.3d at 119–20; *Spagnuolo*, 469 F.3d at 45. For example, § 3161(h) involving periods of excludable delay applies to both speedy indictment and speedy trial calculations. *See* 18 U.S.C. § 3161(h).

Consequently, we join the other circuits which have interpreted the plain language of § 3162(a)(2) to mean that a defendant who fails to timely move for dismissal on the basis of an untimely indictment waives his right to move for dismissal under the speedy indictment provision of the STA. *Cherry*, 720 F.3d at 166.

That the statute provides that a defendant can waive his challenge to an untimely indictment is strong evidence that Congress did not intend for the thirty day time limit to be jurisdictional. *See Union Pac. R.R. Co.*, 558 U.S. at 81 ("Subject-matter jurisdiction . . . can never be forfeited or waived." (citation and quotation marks omitted)). Furthermore, § 3161, which sets the deadline, does not speak in jurisdictional terms or refer to the jurisdiction of the

---

[2]Obviously with the exception that there are different deadlines for each segment of thirty days versus seventy days.

district court.  *See Henderson*, 562 U.S. at 438.  The STA's thirty day speedy indictment rule, then, appears to be a "claims-processing rule" because it seeks to "promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," *id*. at 435, "does not reduce the adjudicatory domain of a tribunal," and is waived if the defendant waits too long to raise the challenge, *Union Pac. R.R. Co.*, 558 U.S. at 81–82.

Because we find no clear indication that Congress wanted the thirty day rule to be jurisdictional, we will not give it "the jurisdiction tag." *Henderson*, 562 U.S. at 441.  And Satterwhite waived his non-jurisdictional claim when he pleaded guilty to the information. Accordingly, we **AFFIRM** the judgment of the district court.