**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0153n.06

**No. 12-3352**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Feb 12, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

**SCOTT A. CONZELMANN,**

    **Defendant-Appellant.**

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

_____ /

**BEFORE:**    **CLAY, COOK, and ROTH,**[*] **Circuit Judges.**

    **CLAY, Circuit Judge.** Defendant Scott Conzelmann pleaded guilty to distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court applied the Career Offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1, and sentenced Defendant to 188 months in prison. Defendant now appeals his sentence, claiming that the government did not present sufficient evidence that his past convictions constituted drug offenses within the meaning of the Sentencing Guidelines. For the following reasons, we **AFFIRM** the judgment of the district court.

**BACKGROUND**

    On May 5, 2010, law enforcement agents from the Drug Enforcement Agency ("DEA") and the Euclid, Ohio Police Department ("EPD") purchased cocaine from Defendant, as part of a

_____

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

controlled buy. They repeated the transaction again on June 15, 2010. Both purchases were for $5,300 and involved about 4.5 ounces of cocaine. Defendant was indicted on February 1, 2011, and arrested within the week. The indictment charged Defendant with two counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). The government filed notice on December 2, 2011, pursuant to 21 U.S.C. § 851, that Defendant was subject to enhanced penalties if he pleaded guilty to either of the charges in the indictment, because of his previous convictions for felony drug charges.

On December 6, 2011, Defendant pleaded guilty to both counts in the indictment without a written plea agreement. The Probation Office submitted its presentence investigation report ("PSR") on March 5, 2012. The report recommended that the court apply a criminal history category of VI, and a final adjusted base level of 31. It also recommended that the court sentence Defendant as a career offender under U.S.S.G. § 4B1.1. The suggested guidelines range was therefore 188–235 months' imprisonment. Defendant objected to the application of the career-criminal rule and filed a sentencing memorandum on March 5, 2012. He claimed that his prior drug convictions did not support the application of the rule, because they were either part of the same scheme or would not constitute felonies under federal law.

The district court found that even if one accepted Defendant's argument that two of his prior convictions constituted a common scheme, and should be counted as one conviction for the purposes of designating him as a career offender, the third conviction could not be considered part of that scheme, and accordingly, the designation, based on two prior convictions, was proper. On March

2

12, 2012, the district court sentenced Defendant to 188 months' imprisonment, in addition to a term of supervised release. Defendant now appeals.

**DISCUSSION**

As a general rule, this Court reviews a district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Hunt*, 487 F.3d 347, 350 (6th Cir. 2007). However, "in light of the fact-bound nature of the legal decision" as to the consolidation of prior convictions, the Supreme Court has instructed courts of appeal to examine the district court's decision deferentially for the purposes of reviewing a designation of a defendant as a career offender. *Buford v. United States*, 532 U.S. 59, 64–66 (2001). While there has been some controversy in this circuit as to the breadth of the holding in *Buford*, this Court has consistently applied this deferential standard of review to determinations under U.S.S.G. § 4B1.1. *See, e.g.*, *United States v. Horn*, 355 F.3d 610, 612–13 (6th Cir. 2004).

Under U.S.S.G. § 4B1.1, a defendant may be labeled as a career offender. A defendant labeled as such is automatically sentenced as having a criminal history category of VI, and may be given a higher base offense level. *See* U.S.S.G. § 4B1.1(b). The rule states that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* at (a). There is no question that Defendant was over eighteen years old when he committed the crime underlying the conviction here, nor does Defendant suggest that the offense is not a controlled substance offense. Instead, he argues that the prior offenses do not constitute drug offenses.

3

The Sentencing Guidelines define a "controlled substance offense" as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2. As Defendant notes, the Sixth Circuit uses a categorical approach to determining whether a crime constitutes a controlled substance offense within the meaning of the Sentencing Guidelines. This means that "only the fact of the prior conviction and the statutory definition of the predicate offense are used to determine whether a prior conviction is a controlled substance offense." *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006); *Shepard v. United States*, 544 U.S. 13, 19–20 (2005).

Defendant's first prior conviction was for trafficking in drugs in violation of Ohio Rev. Code § 2925.03, which states that "(A) No person shall knowingly do any of the following: (1) Sell or offer to sell a controlled substance . . . ." The second conviction[1] was for the manufacture of drugs, in violation of Ohio Rev. Code § 2925.04, which states that "(A) No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance." In other words, these two crimes were textbook examples of controlled substance offenses within the meaning of the Sentencing Guidelines.

Because the prior offenses are patently and obviously drug offenses, Defendant does not attempt to argue that these do not constitute drug offenses, but instead argues that the government did not do enough to prove that they were drug offenses. This argument is unavailing. Defendant

---

[1]While Defendant has multiple convictions for controlled substance offenses, several of them constituted a single scheme or plan, and accordingly, do not count as separate offenses for the purposes of U.S.S.G. § 4B1.1.

conceded that he was convicted of all of the prior crimes, and during sentencing, defense counsel stipulated two prior convictions under Ohio Rev. Code § 2925.04. At sentencing, Defendant attempted to cite *United States v. Jimenez*, 605 F.3d 415, 420–21 (6th Cir. 2010), *abrogated on other grounds by Tapia v. United States*, --- U.S. ---, 131 S. Ct. 2382 (2011), for the proposition that the government must produce the actual charging documents or plea agreements or other documentation to substantiate the prior convictions. But that case holds that when the issue is the fact of the convictions, not the nature of the those convictions, then that sort of documentation is unnecessary (though it may be helpful). *Id.* at 421. In the instant case, Defendant has produced no claim that the information in the December 2 notice or the PSR was false, and because under the categorical approach, the nature of the crimes is determined by reference to statute, rather than by the actual conduct, the other forms of documentation are irrelevant. Accordingly, there is simply no question of law to address in this instance. The district court was entitled to label Defendant as a career offender, and there was no reversible error in doing so.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

5