RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0222p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: SCOTT A. CONZELMANN,

*Movant.*

No. 17-3270

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief.

Nos. 1:11-cr-00035-1; 1:14-cv-01281—Christopher A. Boyko, District Judge.
United States District Court for the Northern District of Ohio at Cleveland

Decided and Filed: September 20, 2017

Before: GIBBONS, SUTTON, and THAPAR, Circuit Judges.
_____

**LITIGANT**

**ON MOTION:** Scott A. Conzelmann, FEDERAL PRISON CAMP, Florence, Colorado, pro se.
_____

**ORDER**
_____

Scott A. Conzelmann, a federal prisoner proceeding pro se, moves this court for an order authorizing the district court to consider a second or successive § 2255 motion to vacate his sentence. *See* 28 U.S.C. §§ 2244(a), 2255(h).

In 2011, Conzelmann was charged with two counts of distributing cocaine. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C). He pleaded guilty to both counts. The district court sentenced him as a career offender to 188 months of prison followed by three years of supervised release. We affirmed, 514 F. App'x 598, 599 (6th Cir. 2013), and the Supreme Court denied his petition for a writ of certiorari, 133 S. Ct. 2875 (2013).

Conzelmann filed his first § 2255 motion in 2014. He asserted two grounds for relief: that his trial counsel was ineffective for failing to properly investigate and challenge the career offender enhancement, and that his conduct was not "federally prosecutable" because government agents "compelled" him to sell drugs. The district court denied Conzelmann's § 2255 motion, and we refused to issue a certificate of appealability. No. 14-3818 (6th Cir. Feb. 4, 2015) (order).

Conzelmann filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment, arguing that his presentence report contained a factual error. The district court transferred the motion to this court for consideration as a second or successive § 2255 motion. We denied him leave to file. No. 15-4212 (6th Cir. June 15, 2016) (order).

This is Conzelmann's third § 2255 motion. Invoking *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), he claims he should not have been classified as a career offender because his prior conviction for possessing chemicals to manufacture drugs no longer qualifies as a predicate conviction for career offender purposes.

A second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Conzelmann seeks relief only under the second prong.

*Hinkle* does not satisfy § 2255(h)(2). It is a court of appeals decision and one from another circuit at that. *Mathis* does not work either. It did not announce a new rule of constitutional law made retroactive by the Supreme Court.

To decide whether a rule is "new" for purposes of § 2255(h)(2), we look to *Teague v. Lane*, 489 U.S. 288 (1989). *See In re Embry*, 831 F.3d 377, 379 (6th Cir. 2016). Under *Teague*, a rule is not new if it is "*dictated* by precedent." 489 U.S. at 301. The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth). "For more than 25 years," *Mathis* reasoned, "we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible alternative means of commission." 136 S. Ct. at 2257. Other courts of appeal have also

concluded that *Mathis* did not announce a new rule. *See Dawkins v. United States*, 289 F.3d 549, 551 (7th Cir. 2016); *United States v. Taylor*, 672 F. App'x 860, 862 (10th Cir. 2016). We join them.

Even if that were not the case, Conzelmann's claim would face two more hurdles. One: *Mathis* does not announce a rule of *constitutional* law. It merely interprets the statutory word "burglary" in the Armed Career Criminal Act. 136 S. Ct. at 2250; *see also Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Two: under *Tyler v. Cain*, 533 U.S. 656 (2001), "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Id.* at 663. *Mathis* has not been declared retroactive by the Supreme Court.

We therefore **DENY** Conzelmann's application for leave to file a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk