RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0075p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ANTHONY T. POTTER,

  *Petitioner-Appellant*,

  *v.*

UNITED STATES OF AMERICA,

  *Respondent-Appellee*.

No. 16-6628

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
Nos. 7:03-cr-00021; 7:16-cv-00041—Danny C. Reeves, District Judge.

Decided and Filed:  April 17, 2018

Before:  GUY, SUTTON, and COOK, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Patrick E. O'Neill, Jackson, Kentucky, for Appellant.  Michael A. Rotker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge.  The Armed Career Criminal Act imposes a 15-year mandatory minimum sentence on repeat offenders—those who have three or more previous convictions for a "violent felony."  After the district court sentenced Anthony Potter as a repeat offender, *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that one feature of the Act (the residual clause) violates the Constitution's prohibition against vague criminal laws.  Potter asked to be resentenced in a successive § 2255 motion, claiming he did not qualify as a repeat offender.  The

district court declined the request on the ground that he sentenced Potter under a different clause (the enumerated-crimes clause) of the Act. We affirm because the same district court judge who sentenced him was in a better position than anyone else to know why he applied the Act and because at all events Potter did not meet his burden of showing that the court used the residual clause to increase his sentence.

In 2003, Potter pleaded guilty to a slew of drug and gun crimes, including possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). Felon-in-possession convictions normally carry a 10-year maximum penalty. *Id.* § 924(a)(2). But the Armed Career Criminal Act prescribes a 15-year mandatory minimum sentence for defendants who have three prior convictions for a "violent felony." *Id.* § 924(e)(1). The Act defines "violent felony" as any crime punishable by imprisonment of over a year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause]; or

(ii)    is burglary, arson, or extortion, involves use of explosives [the enumerated-crimes clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Id.* § 924(e)(2)(B).

Potter's presentence report identified three prior state convictions that qualified as violent felonies under the Act: a Georgia conviction for burglary, a Georgia conviction for obstruction of an officer, and a Tennessee conviction for aggravated assault. The report did not spell out whether the convictions counted as violent felonies under the elements clause, the enumerated-crimes clause, or the residual clause. Potter did not challenge this part of the report. The district court thus accepted the report's conclusion that Potter qualified as an armed career criminal and sentenced him to 225 months in prison.

Potter filed his first § 2255 motion in 2013, which the district court denied because it was not filed within the one-year statute of limitations. After the Supreme Court decided *Johnson* in 2015, this court granted Potter permission to file a second collateral attack on his sentence. His second § 2255 motion argued that his Georgia burglary conviction no longer qualified as a

violent felony after *Johnson*.  The district court rejected the motion, reasoning that the burglary conviction still qualified as a violent felony under the enumerated-crimes clause.

The Antiterrorism and Effective Death Penalty Act generally gives federal prisoners one shot to attack their sentences in federal court.  The Act permits a second collateral attack only if it rests on new facts or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *id.* § 2244(b).  This is Potter's second § 2255 motion.  He points to no new facts.  That means he needs new law.  In one sense, he has it.  *Johnson* announced a new rule of constitutional law when it invalidated the residual clause, and *Welch v. United States*, 136 S. Ct. 1257 (2016), made the rule retroactive to cases on collateral review.

But there is a problem.  Potter offers no evidence that the district court relied only on the residual clause in sentencing Potter and that in fact seems unlikely.  *Johnson* does not reopen *all* sentences increased by the Armed Career Criminal Act, as it has nothing to do with enhancements under the elements clause or the enumerated-crimes clause.  *See* 135 S. Ct. at 2563.  Keep in mind that some crimes could satisfy all three clauses.  They might satisfy the elements clause because they include the use of violent physical force as an element, the enumerated-crimes clause because they are "burglary, arson, or extortion," and the residual clause because they present a serious risk of physical injury to another.

As the proponent of a § 2255 motion, and a second motion at that, Potter has the burden to show he deserves relief.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Neither the presentence report nor the sentencing transcript shows that the district court relied on the residual clause or, to be more precise, relied only on the residual clause.  At the time, there were several cases that applied the enhancement on the ground that Georgia burglary convictions count as violent felonies under the enumerated-crimes clause.  *See, e.g.*, *United States v. Adams*, 91 F.3d 114, 115–16 (11th Cir. 1996) (per curiam).  Cases decided after his sentencing say the same thing.  *See, e.g.*, *United States v. Gundy*, 842 F.3d 1156, 1168–69 (11th Cir. 2016); *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam).  By contrast, we know of no cases, then or since, that treated convictions under the Georgia burglary statute as violent felonies under the residual clause.  Nor has Potter pointed us to any.

On top of that, the judge who reviewed his § 2255 motion is the same judge who sentenced him. It is difficult to think of a better source of information about what happened the first time around. *See Dimott v. United States*, 881 F.3d 232, 237 (1st Cir. 2018); *United States v. Snyder*, 871 F.3d 1122, 1128–29 (10th Cir. 2017). Judge Reeves saw no value to a second sentencing because he sentenced Potter under the enumerated-crimes clause, as makes sense given the clause's reference to burglary and the cases invoking that clause for this precise Georgia crime.

Switching gears, Potter claims that his Georgia burglary conviction does not meet the Act's definition of "burglary," relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016). But *Mathis* involved an old rule of statutory law, not a new rule of constitutional law. It thus does not open the door for a second collateral attack. *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017).

Nor does *Johnson* open the door for prisoners to file successive collateral attacks any time the sentencing court *may* have relied on the residual clause. That approach turns collateral sentencing challenges on their head. Instead of requiring prisoners to prove that they are entitled to relief because they have been incarcerated illegally, Potter's approach would require the government to prove years later (more than a decade later in this case) that the prisoner's sentence is lawful. Other courts have rejected this approach. *Dimott*, 881 F.3d at 240; *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017); *Holt v. United States*, 843 F.3d 720, 721–23 (7th Cir. 2016); *Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016).

So do we. Not only would Potter's approach flip the normal burdens in cases seeking collateral relief, it also would create strange incentives. Imagine a prisoner with the same criminal record as Potter. Everything about the two cases is the same but one: The second prisoner objects to the presentence report at sentencing, as our case law encourages him to do, *see United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), and the district court clarifies that his Georgia burglary conviction counts as a violent felony under the enumerated-crimes clause. Potter's rule would bar that prisoner, but not Potter, from attacking his sentence a second time. *In re Conzelmann*, 872 F.3d at 376–77. Why in such circumstances would the law treat Potter more favorably than the other prisoner? We can think of no good reason.

Taken together, the specification of "burglary" in the enumerated-crimes clause of the Act, the existing case law at the time of sentencing that treated this Georgia burglary conviction as an enumerated crime under the Act, the sentencing judge's own views about the matter provided in this collateral action, and the absence of any contrary evidence supplied by Potter all confirm what common sense suggests: Fifteen years ago, Potter received (or at a minimum could have received) an enhanced sentence under the enumerated-crimes clause of the Act. On this record, we see no basis for upsetting that sentence today.

We affirm.