COLE, Chief Judge, concurring.
I join the court's opinion in full. As it explains, Potter v. United States does not apply outside of second-or-successive habeas petitions. 887 F.3d 785 (6th Cir. 2018). I write separately to note that if Potter 's dicta that a second-or-successive habeas petitioner must show that a sentence was based only on the residual clause were read as law, then it would collide with Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).
When the Supreme Court announced Johnson and rushed to make it retroactive in Welch , it did not do so merely to tantalize habeas petitioners with the possibility of relief for an unconstitutional sentence. Yet if Potter were read to require a petitioner to show that an Armed Career Criminal Act ("ACCA") enhancement was imposed solely under the residual clause, then for many habeas petitioners in this circuit, tantalize is all that Johnson and Welch will do. It is a "tall order" for a *691 petitioner to show which ACCA clause a district court applied when the sentencing record is silent-a burden all the more unjust considering that silence is the norm, not the exception. Maj. Op. at 684.
This fate for federal prisoners was not handed down from Mount Olympus. To the contrary, the Supreme Court's decision in Welch forecloses such a myopic understanding of what it necessary to present a "constitutional" claim to clear the gate-keeping hurdles of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That is because the Court in Welch found that the petitioner had shown the denial of a "constitutional" right even though he challenged an ACCA enhancement as invalid for both constitutional and statutory reasons.
To see why Welch forecloses such a reading of Potter is simple to understand, but hard to get to: it requires a journey across the proverbial Styx and into the world of AEDPA. For federal habeas petitioners, AEDPA contains two types of gates that habeas petitioners must pass to proceed further. The first gate, at issue in Welch , is a threshold for when a habeas petitioner can appeal the denial of habeas relief by a district court. That gate requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) ; Miller-EL v. Cockrell , 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The second gate, at issue in Potter , is a threshold that a petitioner who has previously filed a petition must cross to file a so-called second-or-successive petition. And that gate, like the first, requires a petitioner's motion "to contain ... a new rule of constitutional law." 28 U.S.C. § 2255(h).
So what does Welch have to do with this? Welch arose in the wake of Johnson , when federal prisoners who had already exhausted their direct appeals rushed to use Johnson to challenge their ACCA enhancements in habeas proceedings. Welch, whose challenge dealt with whether a Florida conviction for "strong-arm robbery" qualified as a crime of violence, was the first of these collateral challengers to reach the Supreme Court. Welch , 136 S.Ct. at 1262.
Like Raines, the petitioner here, there was a wrinkle in Welch's claim. Welch did not show that he was sentenced solely under the residual clause. In fact, he could not make this showing because the sentencing court expressly found that his "violent felony" under review counted as a violent felony under both the residual clause and the elements clause. Id. So, to be entitled to relief, Welch would have had to convince a habeas court that his sentence was invalid under both the residual clause and the elements clause. To put this in the language of our cases, this meant that Welch was not just asserting a claim under a "new rule of constitutional law" (his residual-clause claim); he was also asserting a claim under "an old rule of statutory law" (his elements-clause claim). See Potter , 887 F.3d at 788 (6th Cir. 2018) (citing In re Conzelmann , 872 F.3d 375, 376-77 (6th Cir. 2017) ).
And, as noted above, there was still another wrinkle to the Supreme Court's review: Welch 's "somewhat unusual" posture. Welch , 136 S.Ct. at 1263. As an appeal of a single-judge order denying Welch a certificate of appealability, the question before the Supreme Court was whether Welch "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
Brushing these wrinkles aside, the Supreme Court found that Welch had made a substantial showing of the denial of a "constitutional" right. See Welch , 136 S.Ct. at 1263. It reached this conclusion even though Welch did not show he was sentenced *692 solely under the residual clause and was not challenging his ACCA enhancement solely under that clause. It then held Johnson to be retroactive and vacated the court-of-appeals order denying Welch a certificate of appealability of his habeas petition. Welch , 136 S.Ct. at 1268. To do so, it concluded not just that he had shown the denial of a "constitutional" right, but that he had shown "reasonable jurists could at least debate whether [a petitioner] is entitled to relief"-in other words, that it was at least up for debate that Welch would prevail on both his constitutional and statutory claims. Id.
To sum things up, under Welch a habeas petitioner shows a denial of a "constitutional" right and that it is at least up for debate that he is entitled to relief when he brings a challenge under both Johnson and another ACCA prong.
This brings us to the other gate for federal habeas petitioners- 28 U.S.C. § 2255(h). This gate can be cleared in the same way that a habeas petitioner can clear the certificate-of-appealability gate: by filing a petition that contains a claim with a "constitutional" right. Under the second-or-successive standard, a petitioner's motion "must be certified ... to contain ... a new rule of constitutional law, made retroactive to cases on collateral review." Id.
Since Welch turned on what a petitioner needed to do to allege the denial of a "constitutional" right, it also applies to petitioners bringing second-or-successive petitions because both gates tether passage to showing a "constitutional" error. If a petition that pairs a new-rule-of-constitutional-law challenge and an old-rule-of-statutory-law challenge satisfies § 2253(c) 's "constitutional" right requirement as Welch telegraphs, then such a petition also satisfies § 2255(h). It would be inconsistent with Welch to say that a petitioner must show a sentence was only under the residual clause.
There are, of course, some differences to the two gates. To grant a certificate of appealability, the appeals court must find that "reasonable jurists could at least debate whether [a petitioner] is entitled to relief," a requirement not at issue for a second-or-successive petition. Welch , 136 S.Ct. at 1268. On the other hand, a second-or-successive petition much show that the constitutional rule at issue is "new" and that the Supreme Court has made it retroactive to cases on collateral review. 28 U.S.C. § 2255(h)(2). But the Supreme Court took care of that in Welch , so these differences amount to quibbles for claims under Johnson .
Some of our cases have flirted with the idea that a habeas claim could be dismissed under § 2244(b)(4) for failing to comply with § 2255(h). But that reading is unmoored from AEDPA. Under § 2244(b)(4), a district court must dismiss "any claim" in a second-or-successive application that does not satisfy "the requirements of this section," meaning § 2244. See United States v. Satterwhite , 893 F.3d 352 (6th Cir. 2018) (adopting the Government's reading of "section"). More to the point, § 2244(b)(4) focuses on what a "claim" requires, while § 2255(h) focuses on what a "motion must ... contain." This "difference in language"-in one section, what a claim requires; in the other, what a motion requires-"demands a difference in meaning." Gallo v. Moen Inc. , 813 F.3d 265, 270 (2016).
If a petitioner in Welch's boat-a conviction that qualifies under two ACCA prongs-can clear the "constitutional" gate to bring a habeas petition, then a petitioner with a murkier record should also be entitled to clear that gate and bring a second-or-successive petition. When a petitioner's sentencing record is unclear as to *693 which clause the petitioner was sentenced under, the petitioner satisfies the "new constitutional rule" requirement so long as the challenge includes a claim under Johnson . Indeed, petitioners with an ambiguous sentencing record have an even better argument for bringing a petition because any Johnson error would not be harmless (as it could be for petitioners who were expressly sentenced under another clause).
It is no surprise that other case law points the same way. Applying the so-called Stromberg principle, the Supreme Court has explained that "where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." Griffin v. United States , 502 U.S. 46, 53, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) ; see also Stromberg v. California , 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). If a defendant's sentence "may have rested on" a particular ground that "the Constitution forbids," then it is an easy extension of Stromberg to see that a sentence is invalid also. Griffin , 502 U.S. at 53, 112 S.Ct. 466.
Likewise, Potter seemed motivated in part by a concern that prisoners would deliberately refrain from objecting to their presentence report at sentencing if they did not have the burden to prove that they were only sentenced under the residual clause. But the Supreme Court recently rejected a similar "strange incentives" rationale as "highly speculative" and "fail[ing] to account for the realities at play in sentencing proceedings." Rosales-Mireles v. United States , --- U.S. ----, 138 S.Ct. 1897, 1910-11, --- L.Ed.2d ---- (U.S. 2018).
AEDPA makes it hard enough for habeas petitioners unquestionably serving illegal sentences to obtain relief. We should not make it harder. To be consistent with Welch , we should not require a second-or-successive habeas petitioner to show that a sentence was based only on the residual clause.