## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40312

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

ROLAND CASTRO,

  Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-192

Before REAVLEY, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

  We again must decide the consequences of recent changes in sentencing law for a defendant sentenced under prior law. Roland Castro was convicted of being a felon in possession of a firearm. At his sentencing in 2000, the district court determined that his three Texas convictions for burglary of a habitation counted as violent felonies for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). As a result of being classified an armed career criminal, Castro was sentenced to 20 years in prison. Castro

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40312

filed a successive motion for postconviction relief because recent decisions from the Supreme Court and this court mean that his Texas burglary convictions no longer count as violent felonies under the ACCA.

A conviction for being a felon in possession of a firearm ordinarily carries a maximum sentence of 10 years.  18 U.S.C. §§ 922(g)(1); 924(a)(2).  But a defendant guilty of that offense who has three prior convictions that are violent felonies or serious drug offenses faces a punishment range of 15 years to life.  18 U.S.C. § 924(e)(1).  Relevant to Castro's case is the second definition of a "violent felony," which includes any felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).  The list of offenses at the beginning of this definition is called the enumerated offense clause.  The latter portion of the definition that focuses on the risk of physical injury an offense poses is called the residual clause; it captures any offense regardless of its label so long as it poses that risk.  After years of struggling to determine which offenses fit within the residual clause, the Supreme Court concluded the clause was unconstitutional because it was too vague.  *Johnson v. United States,* 135 S. Ct. 2551, 2563 (2015).  A year later it held that *Johnson* applied retroactively so it could be invoked by defendants sentenced before the residual clause was invalidated.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Castro attempts to do so here.  The problem for him is that when he was sentenced the enumerated offense clause supported an ACCA enhancement for his Texas convictions.  In 2000, any conviction under section 30.02(a) of the Texas Penal Code was considered generic burglary and thus counted as a violent felony under the ACCA.  *See United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992).  That is no longer the case because of a decision we reached earlier this year.  *United State v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en

2

No. 17-40312

banc). But the en banc decision in *Herrold* does not allow the filing of a successive motion for postconviction relief because it is not a constitutional ruling made retroactive by the Supreme Court. 28 U.S.C. § 2255(h)(2); *United States v. Wiese*, -- F.3d --, 2018 WL 3540892, at \*5 (5th Cir. July 23, 2018) (citing *In re Lott*, 838 F.3d 522, 523 (2016)). Castro's ability to obtain relief thus depends on showing he was sentenced under the now-unconstitutional residual clause of section 924(e)(2)(B)(ii) rather than the enumerated offense clause that precedes it. The complication is that the district court did not state which part of the "violent felony" definition it was applying when it treated Castro as an armed career criminal.

We recently confronted this situation in *Wiese*. 2018 WL 3540892, at \*3. *Wiese* noted that some circuits ask if the sentencing court "may have" relied on the residual clause with others asking whether it "more likely than not" did. *Compare United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) (more likely than not), *and Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) (rejecting "may have" standard), *with United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) (using "may have" standard), *and United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (same). As in *Wiese*, we will assume that the defendant bears the lesser burden of showing only that the court "may have" relied on the clause because even that Castro cannot do.

Not until years after Castro's sentencing did we conclude that any provision of the Texas burglary of a habitation statute was broader than generic burglary. *Wiese*, 2018 WL 3540892, at \*4 (citing *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam) (holding that section 30.02(a)(3) is not generic burglary)). That means when Castro was sentenced any conviction for Texas burglary of a habitation clearly qualified as a violent felony under the enumerated offense clause. *See Silva*, 957 F.2d at 162, So there is no basis for concluding that the district court's application of the ACCA

3

depended on the residual clause. A residual clause is just that—something that is "left over" and considered after the primary question has first been reviewed. Oxford English Dictionary (3d ed., Mar. 2010), http://www.oed.com/view/Entry/163584 (last visited on Aug. 9, 2018). Because the answer to the first question section 924(e)(2)(B)(ii) asks—whether a Texas burglary offense is a violent felony because it is an enumerated offense—would have been "yes" in 2000, there is no reason to believe the district court skipped that first inquiry and decided the case solely on the less straightforward residual clause question.

In briefing submitted after *Wiese* issued, Castro tries to distinguish that decision on two grounds. He first argues that while the Texas conviction would have qualified in 2000 under the enumerated offense clause, the residual clause would have also been on the "sentencing court's radar" because, at that time, burglary *may* have also qualified under the residual clause. *See United States v. Guadardo*, 40 F.3d 102, 103 (5th Cir. 1994) (holding burglary met the "crime of violence" definition in the similar residual clause of 18 U.S.C. § 16(b)). But that was just as true in 2003, when Wiese was sentenced, as it was in 2000 when Castro was. Moreover, it is hard to believe a sentencing court would have relied on the residual clause that our caselaw had not directly held applied to Texas burglary, when it could have relied on the primary part of the definition that we had squarely held did apply.[1]

---

[1] There is also the possibility that the district court believed Texas burglary qualified both as an enumerated offense and under the residual clause. But that would not help Castro. He needs to show that it relied solely on the residual clause, which is the only basis for which habeas relief is now available. *See Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) ("Neither the presentence report nor the sentencing transcript shows that the district court relied on the residual clause *or, to be more precise, relied only on the residual clause.*" (emphasis added)); *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) ("Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only . . . if

No. 17-40312

Castro also points out that *Wiese* noted the sentencing court had conviction documents showing he was convicted under subsection (a)(1) of the Texas burglary offense.  2018 WL 3540892, at *4.  But we do not see why that requires a different result given that in 2000 any conviction for Texas burglary of a habitation qualified as generic burglary.  There was no need to resort to the modified categorical approach, which is the point of considering state conviction records, to reach that conclusion.

\* \* \*

Castro has failed to show that the sentencing court either more likely than not, or even may have, relied exclusively on the residual clause of the ACCA to enhance his sentence.  We vacate the judgment of the district court and dismiss Castro's successive habeas petition for lack of jurisdiction.

---

the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause. . . .").