NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0574n.06

No. 17-3491

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Nov 15, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ANTHONY C. BARRETT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |

Before: SILER and KETHLEDGE, Circuit Judges; OLIVER, District Judge[*]

KETHLEDGE, Circuit Judge. Anthony Barrett appeals the district court's denial of his motion under 28 U.S.C. § 2255, arguing that his sentence for bank robbery and being a felon in possession of a firearm was unconstitutional. Specifically, he argues that his sentence was based on the Armed Career Criminal Act's residual clause, which the Supreme Court declared unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). But Barrett has not shown that the sentencing court, in fact, used the residual clause to sentence him; and § 2255 itself bars him from raising his other arguments.

In 2011, Barrett pleaded guilty to armed bank robbery and to being a felon in possession of a firearm. By that time, Barrett already had two robbery convictions in Florida and one in Ohio. At sentencing, the district court determined that these convictions qualified as "violent felonies" under the ACCA, meaning that Barrett faced a 15-year mandatory minimum. The district court

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

sentenced him to concurrent 19-year terms. Barrett did not appeal. The next year, Barrett filed his first motion under § 2255, which the district court denied. This court affirmed.

Three years later, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Later that year, Barrett asked this court for permission to file his second motion under § 2255, arguing that *Johnson* invalidated his sentence because, Barrett said, the district court had relied on the residual clause to sentence him. This court granted Barrett permission to file his motion.

After Barrett did so, the district court found that when sentencing Barrett it had used the elements clause rather than the residual clause. Hence the court denied him relief. This appeal followed.

We review the district court's findings of fact for clear error and its legal conclusions de novo. *Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007). This court's decision in *Potter v. United States*, 887 F.3d 785 (6th Cir. 2018), governs the analysis here. Under *Potter*, Barrett must demonstrate (at a minimum) that the district court in fact relied only upon the residual clause when it sentenced him in 2011. *See id.* at 787-88.

Barrett has not made that showing. The district judge who denied Barrett's motion was the same judge who sentenced him. And the judge found that he had relied on the elements clause. Under *Potter*, that finding is nearly conclusive. *See id.* at 788. Moreover, as Barrett largely admits, under the caselaw at the time his three prior convictions qualified as violent felonies under both the elements clause and the residual clause. Thus there would have been no legal reason for the district court to rely only on the residual clause. And Barrett points to nothing in his plea agreement, his sentencing transcript, or otherwise in the record that could support a finding that the sentencing court relied only upon the residual clause. His claim therefore fails.

That leaves Barrett's argument that his prior convictions would no longer qualify as violent felonies under the law today. *See United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 1438 (2018); *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017). But that argument is based on grounds other than the Supreme Court's decision in *Johnson*—which is to say, it does not rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[.]" *See* 28 U.S.C. § 2255(h). Instead, the argument is an attempt to relitigate issues that the district court decided at Barrett's sentencing in 2011. Section 2255 by its terms bars that attempt.

In response, Barrett says this court's order—which authorized his second § 2255 motion—was "broad enough" to allow him to challenge anew the status of his prior convictions as violent felonies. But that order does not amend the requirements of § 2255(h). *See Paulino v. United States*, 352 F.3d 1056, 1059-61 (6th Cir. 2003). We therefore affirm the district court's denial of Barrett's motion to vacate his sentence.