NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0255n.06

Case No. 18-5004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 06, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| TRAVIS O'DELL, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | | |

_____/

Before: MERRITT, SUHRHEINRICH, and SUTTON, Circuit Judges.

**MERRITT, Circuit Judge.** This case is controlled by the case of *United States v. Brown*, decided by the Sixth Circuit on April 24, 2020. The *Brown* case decides the same questions raised here. The government appeals the district court's 2017 judgment granting Petitioner Travis O'Dell habeas relief under 28 U.S.C. § 2255. The district court granted O'Dell relief under our *en banc* decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which held that an aggravated burglary in Tennessee did not qualify as a "violent felony" under the Armed Career Criminal Act (the Act), 18 U.S.C. § 924(e)(1). The Supreme Court overruled that decision in *United States v. Stitt*, 139 S. Ct. 399 (2018). Because the legal basis on which the district court granted O'Dell relief is no longer good law, and because *Brown* forecloses O'Dell's arguments, we **REVERSE** the district court's judgment granting him relief and **REMAND** for the court to reinstate his original sentence.

**I.**

On December 10, 2014, O'Dell pled guilty to violating 18 U.S.C. § 922(g)(1),[1] felon in possession of a firearm and ammunition. The Presentence Investigation Report identified twelve previous convictions of aggravated burglary in Tennessee. At the time, a Tennessee aggravated burglary qualified as a "violent crime" for purposes of the Act under *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007). As such, O'Dell was classified as an armed career criminal and thus subject to the Act's mandatory minimum sentence of fifteen years.[2]

The district court, on April 16, 2015, sentenced O'Dell to a term of imprisonment of 180 months to run concurrently with any sentence imposed by the Tennessee State Court, and a 3-year term of supervised release. O'Dell did not file a direct appeal.

On June 6, 2016, O'Dell filed a 28 U.S.C. § 2255 motion challenging his armed career criminal status following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Act's residual clause as unconstitutionally vague. At the government's request, the district court stayed the proceedings until our *en banc* court decided *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (*Stitt I*), which held that a conviction of Tennessee aggravated burglary did not qualify as a violent felony under the Act. The district court then granted O'Dell's petition under *Stitt I*.

The Supreme Court, however, soon reversed our *en banc* decision and held that a conviction under Tennessee's aggravated burglary statute indeed qualifies as a violent felony

---

[1] 18 U.S.C. § 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year[] . . . to . . . possess in or affecting [interstate] commerce, any firearm or ammunition[.]"

[2] The Act imposes a mandatory minimum sentence of imprisonment of fifteen years for felons in possession of a firearm with three or more previous convictions of "violent felonies." 18 U.S.C. § 924(e)(1).

under the Act. *United States v. Stitt*, 139 S. Ct. 399 (2018) (*Stitt II*). *Stitt II* is the basis of the government's appeal.

**II.**

We review de novo a district court's determination of whether a prior conviction qualifies as a violent felony under the Act. *See Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019) (citing *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016)).

The Act mandates a minimum fifteen-year prison sentence for those who violate 18 U.S.C. § 922(g) and have three previous convictions for "violent felonies." 18 U.S.C. § 924(e)(1). Relevant here, the Act defines "violent felony" as, among other things, "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). "To decide if a defendant's prior conviction under a state's burglary statute qualifies as a conviction for 'burglary' under [the Act], the Supreme Court adopted the so-called 'categorical approach' in *Taylor v. United States*, 495 U.S. 575 (1990)." *United States v. Brown*, -- F.3d --, No. 18-5356, 2020 WL 1966845, at *1 (6th Cir. Apr. 24, 2020) (citing *Stitt II*, 139 S. Ct. at 405). The categorical approach compares a state statute's elements of burglary to the elements of the "generic" definition of burglary that the Supreme Court adopted in *Taylor*. *See id.* (citing *Stitt II*, 139 S. Ct. at 405). The *Taylor* Court defined "generic burglary" as an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. "If a state burglary statute sweeps in more conduct than this generic definition of the crime, convictions under the state statute will not qualify as convictions for 'burglary' under the [Act]." *Brown*, 2020 WL 1966845, at *1 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2247–48 (2016)).

In Tennessee, "aggravated burglary" is a "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). A person commits burglary in Tennessee

if that person, "without the effective consent of the property owner", (1) "[e]nters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;" (2) "[r]emains concealed, with the intent to commit a felony, theft or assault, in a building;" (3) "[e]nters a building and commits or attempts to commit a felony, theft or assault;" or (4) "[e]nters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault." *Id.* at § 39-14-402(a)(1)-(4). "Habitation" means "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons[.]" *Id.* at § 39-14-401(1)(A).[3]

In *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), "we held that an aggravated-burglary conviction under Tennessee law categorically counts as a burglary under the Supreme Court's generic definition and so falls within [the Act]." *Brown*, 2020 WL 1966845, at *2 (citing *Nance*, 481 F.3d at 888). Ten years later, in *Stitt I*, our *en banc* court overruled *Nance* and held that "a violation of Tennessee's aggravated burglary statute is not categorically a violent felony." *Stitt I*, 860 F.3d at 861. And in 2018, the Supreme Court unanimously reversed our *en banc* decision. *Stitt II*, 139 S. Ct. at 403–04. *Nance* is thus "once again the law of this circuit." *See Brown*, 2020 WL 1966845, at *3 (quoting *Burbach*, 929 F.3d at 794).

O'Dell offers three arguments for why Tennessee's aggravated burglary statute does not comport with *Taylor*'s definition of "generic burglary." First, he maintains that the "entry" element of the statute is such that it criminalizes a "mere attempted burglary", which does not qualify as generic burglary under the Act. Second, O'Dell contends that a person can violate

---

[3] Habitation also "[i]ncludes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant" and a "separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle." *Id.* at § 39-14-401(1)(B)–(C).

Tennessee's aggravated burglary statute with "merely reckless conduct" as opposed to the "intent to commit a crime" as required by *Taylor*. Third, and finally, O'Dell says that we are unable to determine if his previous convictions of violent felonies occurred on different occasions as required by the Act. We address each argument in turn.

**A.**

O'Dell argues that Tennessee aggravated burglary cannot qualify as a "burglary" under the Act because the definition of "enter" in Tennessee's burglary statute[4] encompasses more conduct than "generic burglary" as defined in *Taylor*, and criminalizes conduct that would be only an attempted burglary at common law. O'Dell concedes that we rejected the "entry" argument in *Brumbach*. *Brumbach*, 929 F.3d at 795. We did so because "a panel of this court cannot overrule *Nance*." *Brumbach*, 929 F.3d at 795. And, since *Brumbach*, we have rejected the argument most recently in our opinion in *Brown*. *See Brown*, 2020 WL 1966845, at *7.[5]

**B.**

The same goes for O'Dell's intent argument. O'Dell posits that generic burglary, under *Taylor*, requires that a defendant have intent to commit a crime while within the building. *Taylor*, 495 U.S. at 599. O'Dell states that, specifically, under Tenn. Code Ann. § 39-14-402(a)(3), a defendant can be convicted for merely reckless conduct.

The petitioner in *Brown* lodged the same argument, and as we pointed out there, "it is not clear under our precedent that we may rely on this new argument to conclude that all Tennessee aggravated-burglary convictions fall outside the Act." *Brown*, 2020 WL 1966845, at *7. This is

---

[4] "Enter" is defined as "(1) [i]ntrusion of any part of the body; or (2) [i]ntrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise." Tenn. Code Ann. § 39-14-402(b)(1)–(2).

[5] While we do not discuss the merits of O'Dell's argument regarding the entry element of the statute, we note that *Brown* questioned the merits of this argument. *See id.* at *5–13.

because we have "held, broadly, that convictions under subsections (a)(1), (a)(2), and (a)(3) of the Tennessee burglary statute fit within the generic definition of burglary and are therefore violent felonies for purposes of the [Act]." *Id.* (citing *Brumbach*, 929 F.3d at 794 (quoting *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (internal quotation marks omitted)). If "we have previously rejected other attempts to bring new arguments challenging those prior holdings[,]" it follows that those cases foreclose O'Dell from raising this "intent" argument. *See id.* (citing *Brumbach*, 929 F.3d at 795).

Moreover, like the petitioner in *Brown*, O'Dell was indicted for and convicted of violating subsection (a)(1), not subsection (a)(3). *See id.* Although O'Dell's indictments for aggravated burglary do not specify under which subsection he was charged, each charged that O'Dell "did . . . unlawfully and without the effective consent . . . of the owner of a habitation, knowingly enter such habitation, which was not open to the public, with intent to commit theft, in violation of T.C.A. Section 39-14-403[.]" Just like in *Brown*, "[t]hat language mirrors the language of § 39-14-402(a)(1)." *Brown*, 2020 WL 1966845, at *13. The "(a)(1) version contains the 'intent' requirement that [O'Dell] claims the (a)(3) version lacks: It forbids a person, without the 'effective consent of the property owner,' to 'enter a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault.'" *Id.* at *14 (quoting Tenn. Code Ann. §§ 39-14-402(a)(1), 39-14-403) (alterations omitted). It also aligns with "the Supreme Court's definition of generic burglary: the 'unlawful or unprivileged entry into' 'a building or other structure, with intent to commit a crime.'" *Id.* (quoting *Stitt II*, 139 S. Ct. at 405–06). Thus, O'Dell's aggravated-burglary convictions qualify as violent felonies under the Act. *See id.*

**C.**

Finally, O'Dell maintains that we cannot determine if his burglary and aggravated burglary convictions were committed on different occasions. The Act requires conviction of three violent felonies that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Specifically, O'Dell contends that under *Shepard v. United States*, 544 U.S. 13 (2005), courts may consider only the crimes of conviction and the elements thereof in making this determination, and dates of the convictions or offenses fall into neither category. As O'Dell concedes, we rejected this argument in *United States v. Hennessee*, 932 F.3d 437, 444 (6th Cir. 2019), and we have since rejected it in *Brown*, 2020 WL 1966845, at *8. We reject it here, too. O'Dell's argument also fails on the merits.

O'Dell must show by a preponderance of the evidence that his prior violent felonies did not occur on different occasions. *See id.* at *8 (citing *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018) and *Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018)). We may look to "charging documents" in deciding if O'Dell committed his prior felonies on different occasions. *See United States v. King*, 853 F.3d 267, 276 (6th Cir. 2017). State-court indictments qualify as such. *See Brown*, 2020 WL 1966845, at *8 (citing *King*, 853 F.3d at 275–76)). There are three indictments that each charge O'Dell with one count of aggravated burglary on a separate occasion in 1995, each involving a different victim. Additionally, another indictment charges O'Dell with five counts of aggravated burglary on four separate occasions in 2003. Thus, the "charging documents" show that O'Dell committed aggravated burglary on at least seven different occasions. O'Dell therefore cannot meet his burden.

For the reasons stated above, we **VACATE** the district court's 2017 order granting O'Dell relief, and **REMAND** with instructions to reinstate his original sentence.